IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

OLANDO DESHUN GRAY                                                                    PLAINTIFF

v.                              Civil No. 1:16-cv-01012

DR. HOPKINS, ET AL                                                                  DEFENDANTS

CONSOLIDATED WITH

OLANDO DESHUN GRAY                                                                    PLAINTIFF

v.                              Civil No. 1:16-cv-01022

DR. HOPKINS, ET AL                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed *pro se* by the Plaintiff, Olando Deshun Gray, under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant Dr. Deanna Hopson's (incorrectly identified in the caption as "Dr. Hopkins") Motion for Summary Judgment. ECF No. 25. After careful consideration, I make the following Report and Recommendation.

### BACKGROUND

Plaintiff filed his Complaint on February 5, 2016, alleging Dr. Hopson violated his constitutional rights by denying him adequate medical care.[1] ECF No. 1. Plaintiff states he fell and "dislocated" his knee because the floor was slippery in the cell area in the Union County Detention Center. ECF No. 1. Plaintiff alleges after falling his knee swelled to "the size of a

---

[1] Plaintiff also alleges numerous other civil rights violations in the Complaint against other defendants none of which are relevant to the claim against Dr. Hopson.

softball". ECF No. 1. Plaintiff was not taken to the hospital and instead submitted a sick call. According to Plaintiff, when "finally I seen the jail doctor, Miss Hopkins, she looked at my knee and said yes I do need medical attention and sent me to go have an x-ray. So when my x-ray was done I asked the doctor was it bad and she said yes but when I ask her what was wrong with my knee, she said that she couldn't tell me?" ECF No. 1. "So When I made it back to the jail doctor Miss Hopkins she said that I need real pains meds, I need an MRI and an physical therapist cause they don't wana send me to have surgery? I guess cause they don't wana pay for it". ECF No. 1. Plaintiff states Dr. Hopson "gave him aspirin every day twice a day, and I'm still in pain right now cause everytime I walk it feels like an knife stabbing my knee which makes me walk with a limp now". ECF No. 1.

Dr. Hopson filed her Motion for Summary Judgment asserting she was not deliberately indifferent to Plaintiff's medical needs. Dr. Hopson claims the evidence shows she was attentive to Plaintiff's complaints of knee pain, never ignored his needs, and treated any pain Plaintiff had during the healing process. ECF No. 25. In addition, Dr. Hopson argues Plaintiff cannot present any verifiable medical evidence that he has suffered an injury as a result of her treatment.

To assist Plaintiff in responding to Dr. Hopson's Motion for Summary Judgment, I sent a questionnaire to Plaintiff asking him to agree or disagree with various statements set forth by Dr. Hopson as undisputed facts. Plaintiff filed the questionnaire as his Response to the summary judgment motion on December 21, 2016. ECF No. 29. In his Response Plaintiff agrees on the day he was injured, November 7, 2015, he was examined, scheduled to see the doctor, given an ice pack and told to return if his condition worsened. Plaintiff also acknowledges on November 8, 2015, he returned to the nursing station where he had been examined and his vital signed were taken, he was given another ice pack, and told to elevate his leg and he would see the doctor the

next day. ECF No. 29. Plaintiff admits his knee was x-rayed at SAMA Healthcare Services, P.A. around the same time although he is not sure of the exact date the x-ray was taken. ECF No. 29. He claims "the lady that x-rayed my knee stated and said oh my and I asked her how bad was my injury? She asked me have this happened to me before I said no mam and she said its bad but didn't get into detail about it/my knee injury. Instead she told me she gonna get back with Dr. Hopson and I fear that Dr. Hopson might've tampered with my x-rays cause my knee is still ache and hurting." ECF No. 29.

Plaintiff admits he was seen by Dr. Hopson "weekly and monthly" for eight months. Plaintiff claims Dr. Hopson told him after he got out of jail he would need physical therapy, an "M.R.I. and real pain med". ECF No. 29. Plaintiff also claims he asked her "why I couldn't get it while I'm in jail? She said cause they would have too pay for it and that would stop me from getting the Ibuprofen and I would have surgery on my knee an would have more problems out of my knee than it is now in the future". ECF No. 29. Plaintiff admits Dr. Hopson continued the ibuprofen and told him to do range of motion exercises but he asserts this did not help him. ECF No. 29. He claims "I told her I was still in pain she did nothing to help me just kept giving me ibuprofen she said what I'm asking for would cost them money and she's sorry but she can't do those thing for me". ECF No. 29.

When asked to describe in detail how he believes Dr. Hopson violated his federal constitutional rights Plaintiff states "lack of medical assistance, denied of real pain meds, pain and suffering, drawing my blood from S.A.M.A. health center when I was the wrong person, they was suppose to draw blood from Orlando Turner and I'm Olando Gray! Denied of an knee brace! Physical therapy denied of, I know I'm not suppose to be suffering in pain in this jail when they have real doctor's and nurse', and is able to help me and she didn't she only denied me of M.R.I.

3

and of the things I've stated for 8-9 month while I was pain and suffering". ECF No. 29. Plaintiff claims "my knee slips out of place if I move the wrong way too fast now, it aches real bad when the weather changes now as if my knee has arthuritis, my knee slips and pops out of place if I lay down on it the wrong way now, and I believe due to her denying me of physical therapy, real pain meds, M.R.I. my knee has healed wrong". ECF No. 29.

On December 27, 2016, Dr. Hopson filed a Reply (ECF No. 30) to Plaintiff's Response. Dr. Hopson argues Plaintiff admits he was promptly seen by medical staff following his injury, and she examined, treated, and issued orders for Plaintiff regularly for months in an attempt to treat his injured knee and knee pain. In addition, Dr. Hopson states Plaintiff merely disagrees with her medical decisions regarding his care and pain management and Plaintiff has offered no medically verifiable evidence to support his claims his knee pops out of place and he is still in pain. She argues all the records in this case suggest Plaintiff's knee has healed. ECF No. 30. Dr. Hopson also responds to Plaintiff's claim his blood was drawn improperly stating Plaintiff has not presented any evidence his blood was drawn deliberately with intent to disregard his medical needs. ECF No. 30.

## LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and they are entitled to judgment as a matter of law, but the nonmoving party

may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Dr. Hopson acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's

attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

Dr. Hopson has not argued Plaintiff did not initially suffer from a serious medical need. Instead she claims at some point during her treatment Plaintiff's knee improved and was healed. Based on the pleadings and exhibits submitted by both Plaintiff and Dr. Hopson, I find Plaintiff was diagnosed by Dr. Hopson as requiring treatment for his knee and therefore Plaintiff has shown he suffered from an objectively serious medical need.

In order for Plaintiff to establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). Deliberate indifference can manifest by prison doctors in their response, or lack thereof, to the prisoner's needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976).

In this case Plaintiff admits he was promptly seen by medical staff following his injury and Dr. Hopson examined, treated, and issued orders for Plaintiff regularly for eight months in an attempt to treat his injured knee and knee pain. ECF No. 29. Although Plaintiff claims he should have undergone an MRI, had access to physical therapy over and above the range of motion exercises suggested by Dr. Hopson, and "real pain meds" (ECF Nos. 1, 29), this only demonstrates Plaintiff disagrees with her medical decisions regarding his care and pain management. The law is clear - mere disagreement with treatment decisions by a physician does not rise to the level of a constitutional violation. *Id.* at 499.

Plaintiff also claims Dr. Hopson was deliberately indifferent to his medical needs when his blood was drawn by mistake. ECF No. 30. Plaintiff has not presented any evidence to show Dr. Hopson intentionally ordered his blood drawn to inflict pain on Plaintiff. The record indicates this was merely a mistake. In any event, Plaintiff has not alleged he suffered any injury as a result of his blood being drawn by mistake. Consequently, Plaintiff has not shown Dr. Hopson was deliberately indifferent to his medical needs and his claims against her fail as a matter of law.[2]

## CONCLUSION

For the reasons stated, I recommend Defendant Dr. Deanna Hopson's Motion for Summary Judgment (ECF No. 25) be **GRANTED** and all claims against her be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 5th day of January 2017.**

/s/    Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Plaintiff has not shown Dr. Hopson was deliberately indifferent to his medical needs, it is not necessary for the Court to address the issue of whether Plaintiff submitted medically verifiable evidence he still suffers from a knee injury.