IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

OLANDO DESHUN GRAY     PLAINTIFF

v.     Civil No. 1:16-cv-01012

SERGEANT MYERS;
SHERIFF MIKE MCGOUGH;
LIEUTENANT GREEN; NURSE
RICE; SERGEANT FERGUSON;
CAPTAIN MITCHAM; and
LIEUTENANT PENDLETON     DEFENDANTS

OLANDO DESHUN GRAY     PLAINTIFF

v.     Civil No. 1:16-cv-01022

SHERIFF MIKE McGOUGH,
Union County, Arkansas; SERGEANT FERGUSON
(Transportation); CAPTAIN MITCHAM;
SERGEANT MYERS; LIEUTENANT GREEN;
NURSE RICE; and LIEUTENANT PENDLETON     DEFENDANTS

**ORDER**

Before the Court is Plaintiff Olando Deshun Gray's failure to obey orders of the Court. On February 5, 2016 Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). On May 2, 2017, Defendants filed a Motion for Summary Judgment. (ECF No. 35). On May 11, 2017, the Court filed an order directing Plaintiff to file a Response to Defendants' motion on or before June 8, 2017. (ECF No. 39). Plaintiff was advised in the order that failure to respond within the required period of time may result in the dismissal of his case. Plaintiff did not respond to the Court's order.

On July 26, 2017, the Court entered an order directing Plaintiff to show cause by August 9, 2017 as to why he failed to file a response to Defendants' motion for summary judgment. (ECF

1

No. 40). Plaintiff was again advised that his failure to respond within the required period of time may result in dismissal of his case. To date, Plaintiff has not responded to the order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 10th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge